Per Curiam.

Section 711.10, Revised Code, provides, inter alia, that within 60 days after the refusal of approval by a county planning commission of any plat submitted, the person submitting such plat may file a petition in the Court of Common Pleas of the proper county and the proceeding thereon shall be governed by the provisions of Section 711.09, Revised Code, as in the case of the refusal of a municipal planning authority to approve a plat. Also, Section 711.09 provides that “the judgment or order of the court may be appealed by either party on questions of law as in other civil cases.”
This court has often stated and held that it will ordinarily, in the exercise of its discretion, deny a writ of mandamus where the relator has or had a plain and adequate remedy in the ordinary course of the law, including an equitable remedy. State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, 162 Ohio St., 302. However, this court has recognized that it has the power to allow such a writ even in such an instance. See State, ex rel. Wesselman, v. Board of Elections, 170 Ohio St., 30, 33.
The Court of Appeals has the same discretionary power with respect to allowance of a writ of mandamus in such a case originating in that court, as does this court. Hence, where the Court of Appeals in such a case has refused to allow a writ of mandamus on the ground that the relator has or had a plain and adequate remedy in the ordinary course of the law, even though an equitable remedy, this court has affirmed such judgment. State, ex rel. Lorain County Savings & Trust Co., v. Board of County Commissioners, ante, 306. On the other hand, *328 where a Court of Appeals, iu the exercise of its discretion, allows a writ of mandamus to a relator who has or had an adequate remedy in the ordinary course of the law, this court has been reluctant to and has declined to interfere with such exercise of discretion by that court. State, ex rel. Wesselman, v. Board of Elections, supra. See, also, State, ex rel. Killeen Realty Co., v. City of East Cleveland, 169 Ohio St., 375.
Relator had an adequate remedy at law by way of appeal. The judgment of the Court of Appeals, since it purports to be based upon that determination, is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Herbert and Peck, JJ., concur.